## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| JEANNE WRIGHT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 12-598-LPS |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

At Wilmington this 29th day of March, 2013:

Pending before the Court is Defendant United States of America's Motion to Dismiss

Complaint. (D.I. 5) ("Motion") For the reasons discussed below, the Court will grant the

Motion.

## I.     BACKGROUND

Plaintiff Jeanne Wright ("Plaintiff") filed this lawsuit against the United States of

America ("Defendant") pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680

("FTCA"), seeking relief for injuries she sustained while visiting the Prime Hook Wildlife

Refuge in Sussex County, Delaware ("Prime Hook"). (D.I. 1) Plaintiff alleges that she fell and

suffered a spiral fracture of her left ankle after her left foot became entangled in vines on a

wooden bridge in Prime Hook. (*See id.* at 2) She further contends that Defendant was negligent

in allowing the vines to impede onto the walkway of the bridge and failing to warn visitors of

this dangerous condition. (*See id.*)

On July 12, 2012, Defendant moved to dismiss the complaint on the grounds that Plaintiff

1

failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 5) Plaintiff filed her opposition on July 23, 2012. (D.I. 6) Defendant filed its reply on July 30, 2012. (D.I. 7)

## II. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481–82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)). While heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged. *Twombly*, 127 S. Ct. at 1974. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff s claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). The

2

Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132

F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and

unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113

F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82

F.3d 63, 69 (3d Cir. 1996).

## III. DISCUSSION

Under the FTCA, the United States has waived its sovereign immunity in limited

circumstances, allowing certain claims to proceed against it for injury or loss of property caused

by the negligent or wrongful act or omission of a federal employee. *See* 28 U.S.C. § 2671, *et seq.*

For tort claims that proceed under the FTCA, the United States shall be liable "in the same

manner and to the same extent as a private individual under like circumstances." 28 U.S.C.

§ 2674. The question here is whether a private individual would, under Delaware law, be liable

under the circumstances presented here.

Defendant argues that Delaware's Recreational Use Act, 7 Del. C. §§ 5901-07 ("RUA"),

immunizes landowners from liability against claims of ordinary negligence. (*See* D.I. 5 at 2)

The RUA states that "an owner of land owes no duty of care to keep the premises safe for entry

or use by others for recreational purposes, or to give any warning of a dangerous condition, use,

structure or activity on such premises to persons entering for such purposes." 7 *Del. C.* § 5903.

As Plaintiff acknowledges, the RUA is intended to grant private property owners immunity from

ordinary negligence. *See Higgins v. Walls*, 901 A.2d 122, 132 (Del. Super. 2005); D.I. 6 at 2.

The only exceptions are when the failure to guard or warn against a dangerous condition is wilful

or malicious, or when the owner of land charges a fee for the recreational use. *See* 7 *Del. C.* §

3

5906.

Plaintiff does not dispute that she was present at Prime Hook for recreational use. (*See* D.I. 6) She also admits that her claim is "a claim of ordinary negligence." (*Id.* at 1) Further, Defendant offers an undisputed declaration that Prime Hook does not charge an entrance fee. (*See* D.I. 5 Ex. A) Therefore, none of the exceptions to the RUA applies. A private land owner under the circumstances presented here would not be liable to Plaintiff.

Plaintiff contends that the RUA does not apply to public land. (*See* D.I. 6 at 2) This is not the proper inquiry. Under the FTCA, the controlling question is whether a "***private individual under like circumstances***" would be liable. Here, the "like circumstances" would involve a private landowner whose ordinary negligence resulted in injury to a recreational user of her privately-owned land, use for which the victim did not pay a fee. Under such circumstances, the RUA would render the private individual immune from liability. By operation of the FTCA, the same must be the result for the federal government, notwithstanding that the injury here occurred on public land.

Under the FTCA, the United States waives its sovereign immunity to expose itself to tort liability as a "private person." 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674. The Supreme Court has rejected "a plaintiff's effort to base liability solely upon the fact that a State would impose liability upon a municipal (or other state governmental) entity." *U.S. v. Olson*, 546 U.S. 43, 46 (2005) (emphasis omitted). *Olson* held that "the [Federal Tort Claims] Act requires a court to look to the state-law liability of private entities, not to that of public entities, when assessing the [United States] Government's liability." *Id.* The *Olson* court further emphasized that the FTCA provides that the United States may be liable only when a "'*private person*,' not 'a

4

state or municipal entity,' would be liable." *Id.* at 45-46 (emphasis in original); *see also Woods v. U.S.*, 909 F. Supp. 437, 442 (W.D. La. 1995) (holding that United States was immune under FTCA, despite Louisiana statute's imposition of liability on public landowners, because "Congress has been very clear that the United States may be held liable for personal injuries only where a similarly situated private party would be liable").

Accordingly, Plaintiff has failed to state a claim on which relief may be granted and her complaint will be dismissed.

IV.    **CONCLUSION**

For the above stated reasons, IT IS HEREBY ORDERED THAT the Motion (D.I. 5) is **GRANTED**.

UNITED STATES DISTRICT JUDGE

5